[Crim. No. 3838. Fourth Dist., Div. Two. Aug. 10, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID G. YEAGER, Defendant and Appellant.

**COUNSEL**

Herbert M. Porter for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Marilyn Mayer Moffett and Frederick Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GARDNER, P. J.**—The issues in this case are exactly the same as those presented in the case of *People* v. *Helmholtz, ante,* p. 441 [88 Cal.Rptr. 743], decided this date.

The defendant was indicted in two counts for furnishing or selling amphetamine and LSD; he was found guilty by a jury on both counts. Probation was denied, and he was ordered committed to the California Youth Authority. This appeal is from the order of commitment.

As in *Helmholtz,* the defendant's contentions are (1) that he was denied his constitutional right to cross-examination of a crucial witness, the informer Nicky Colangelo; and (2) he was denied due process and a fair trial by the prosecution circumventing his obtaining of Colangelo as a witness.

Again, a lengthy statement of the facts is unnecessary in view of the issues raised. Suffice to say that a state narcotic agent, Kenneth Curtis, purchased one capsule of LSD and five rolls of amphetamine tablets from the defendant. Nicky Colangelo, an informer, working with Mr. Curtis actually purchased the rolls of amphetamine and the LSD with money supplied by Curtis. Curtis was present at both purchases and the narcotics were promptly turned over to Curtis who gave the drugs to a Detective Oden. The drugs were introduced into evidence and it was stipulated that the drugs contained a useable amount of LSD and amphetamine.

The defendant testified that he had merely returned the five rolls of pills that Colangelo had previously given him. He denied receiving any money in return for the drugs, either from Curtis or Colangelo. He admitted giving Colangelo the LSD capsule but asserted again it had previously been given to him by Colangelo.

Nicky Colangelo, the informant who actually made the purchase of the drugs from defendant, did not testify at the trial and could not be located by the defendant or the prosecution.

The record in this case of the efforts of defense counsel to locate the witness Colangelo is not as complete as in the *Helmholtz* case. It would appear that, as stated in that case, while defense counsel was representing six defendants and was handling all of them as a package during the preliminary stages, he did not in each case see that the record reflected that he was representing each of his clients. For that reason, the record before us in *Yeager* starts with the hearing of January 24, 1969. However, in fairness to Yeager and for the reasons stated in *Helmholtz,* we adopt the

efforts made by defense counsel prior to the hearing of January 24 to secure the attendance of this witness as set forth in the *Helmholtz* case.

For the reasons set forth in *Helmholtz,* this case is affirmed.

Kerrigan, J., and Gabbert, J., concurred.